ARTHUR DE VRIENDT v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

December 19, 1919.

No. 21,540.

**Accident at street crossing — negligence and contributory negligence — evidence.**

1. Action for injury to plaintiff's automobile at a street crossing. Evidence that on a very dark night defendant backed its engine over the crossing with neither light nor lookout on the tender, and that buildings and the engine and tender may have obstructed plaintiff's view so that he could not

[1]Reported in 175 N. W. 99.

see the rays of light from the headlight or the lights in the cab and hood of the engine. .*Held*: The evidence of defendant's negligence was ample and that of defendant's contributory negligence was a question for the jury. [Reporter.]

**Charge to jury.**

2. Objectionable clauses in the charge to the jury were cured by later portions of the charge. [Reporter.]

Action in the district court for Mower county to recover $600 for injuries to an automobile. The defense was contributory negligence on the part of plaintiff. The case was tried before Dean, J., acting for the judge of the Seventeenth judicial district, who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony its motion for a directed verdict, and a jury which returned a verdict for $300. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*A. G. Briggs, Charles H. Weyl* and *J. N. Nicholsen,* for appellant.
*Sasse & French,* for respondent.

PER CURIAM.

Action for damages to plaintiff's automobile, which was struck by one of defendant's engines at a street crossing on the night of February 26, 1918. The evidence of negligence on the part of defendant was ample. It backed this engine with the tender in advance over this crossing on a very dark night with neither light nor lookout on the tender to give warning of its approach. The evidence made the question of plaintiff's contributory negligence a question for the jury. Buildings along the track obstructed plaintiff's view in the direction from which the engine approached, until he was within a short distance of the track. He testified that owing to the slushy and slippery condition of the road he had his machine in the low gear and was running five or six miles an hour, and that as he approached the track he looked and listened, but neither saw nor heard the engine approaching until it struck his machine.

This is not a case where the court can say that, if plaintiff had looked as he claimed, he must have seen the engine, for the night was cloudy and dark, there was no light on the tender, and, while the headlight on the engine was lighted, its rays were not thrown toward plaintiff, but in the opposite direction, and the buildings and the engine and tender may have so obstructed his view that he was unable to see these rays of light or the lights in the cab and hood of the engine.

We find no error in the refusal of the court to give certain of defendant's

requested instructions. The request in respect to minimizing damages does not state the rule correctly. While portions of the charge, if they stood alone, would be objectionable, later portions of the charge applied the correct rules, and we think that the charge as a whole did not tend to mislead the jury and that no errors occurred which justify a reversal. The order denying a new trial is affirmed.